UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

CHARLES HORTON, 21153-055,                    15-CV-843-RJA-MJR
                                              REPORT, RECOMMENDATION,
                                              AND ORDER
                    Petitioner,

        -v-

MONICA RECKTENWALD, Warden,

                    Respondent.
_____

        This matter has been referred to the undersigned by the Hon. Richard J. Arcara

pursuant to 28 U.S.C. §636(b)(1).  (Dkt. No. 7).  Before the Court is *pro se* petitioner

Charles Horton's petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254

challenging the constitutionality of his conviction in County Court, Erie County, State of

New York.  (Dkt. No. 1).  Also before the Court is Horton's motion for appointment of

counsel (Dkt. No. 11) and his "Motion for Constitutional Challenge to a Statute —

Notice, Certification, and Intervention Pursuant to Rule 5.1/28 U.S.C. §2403."  (Dkt. No.

12).  For the following reasons, it is recommended that Horton's petition be dismissed

and that no certificate of appealability issue.  Horton's motions are denied.[1]

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

### *Guilty Plea and Sentencing*

        By felony complaint dated July 16, 1999, Horton was charged with criminal

possession of a controlled substance in the fifth degree (N.Y. Penal Law §220.06(5)).

---

[1]    As discussed below, although Horton is currently serving a federal sentence for a conviction in
the United States District Court for the Northern District of Georgia in 2012, his petition challenges his
conviction in Erie County Court in 1999.  Horton contends that the Erie County conviction was used to
enhance his federal sentence.  As Horton's petition is directed at his Erie County conviction, *see infra*
III.A, the Court finds venue in this District to be proper.  *See* 28 U.S.C. §2241(d).

(*See* Answer Ex. A).[2]  The charge stemmed from an incident on April 30, 1999 where the police discovered a quantity of cocaine in Horton's apartment in the City of Buffalo. (*See* Answer Ex. B).  On July 21, 1999, Horton, represented by counsel, waived indictment before a grand jury and pleaded guilty under superior court information in Erie County Court to attempted criminal possession of a controlled substance in the fifth degree (N.Y. Penal Law §§220.06(5), 110.00).  (Pl. 3-4, 7-8, 12).[3]  On October 19, 1999, County Court sentenced Horton to an indeterminate term of imprisonment of one to three years.  (S. 3).[4]

   *The Direct Appeal*

   On October 28, 1999, Horton timely filed a notice of appeal of his judgment of conviction.  (*See* Answer Ex. A).  The state court record indicates that in 2003, Horton corresponded with the Legal Aid Bureau of Buffalo regarding perfecting his appeal in the New York State Supreme Court, Appellate Division, Fourth Judicial Department. (*See* Answer Ex. B).  Horton expressed concern to Legal Aid that the search of his apartment was illegal and that his guilty plea and sentence were defective.  (*See id.*). Legal Aid appellate counsel advised Horton that he could not identify any defects regarding the guilty plea and sentence and that Horton could not challenge the search because he did not raise that issue in County Court prior to the entry of his plea.  (*See id.*).  By letter dated August 19, 2003, appellate counsel advised Horton that he intended to withdraw as counsel because the appeal lacks merit, but that Horton had

---

[2]         Respondent's Answer (Dkt. No. 4) attaches four exhibits that make up the state court record: Exhibit A (court file and transcripts, including transcripts from Horton's plea hearing and sentencing); Exhibit B (papers relating to Horton's direct appeal to the Appellate Division); Exhibit C (papers relating to Horton's second N.Y. CPL §440.10 motion); and Exhibit D (papers relating to Horton's application for leave to appeal the denial of his second CPL §440.10 motion to the Appellate Division).
[3]         References to "Pl." are to the transcript of Horton's July 21, 1999 plea hearing.
[4]         References to "S." are to the transcript of Horton's October 19, 1999 sentencing.

the right to request new counsel and file a *pro se* supplemental appeal brief. (*See id.*).

Thereafter, on August 28, 2003, Horton's appellate counsel filed with the Appellate

Division a motion to be relieved as assigned counsel and an appeal brief requesting the

court to either vacate Horton's plea or reduce his sentence. (*See id.*). The appeal brief

did not, however, raise any legal arguments in support of the requested relief, as

counsel could not identify any colorable basis for challenging Horton's plea or sentence.

(*See id.*). By order dated November 21, 2003, the Appellate Division granted appellate

counsel's motion to be relieved as assigned counsel and affirmed the County Court's

judgment of conviction. *See People v. Horton*, 1 A.D.3d 1061 (4th Dep't 2003). The

order does not indicate that Horton filed a *pro se* brief or requested appointment of new

counsel. (*Id.*). Horton did not apply for leave to appeal to the New York State Court of

Appeals. (*See* Dkt. No. 5 at 3).[5]

### N.Y. CPL §440.10 Motions

In September 2012, Horton filed a motion in Erie County Court pursuant to N.Y.

Criminal Procedure Law ("CPL") §§440.10 and 440.20 to vacate his judgment of

conviction and set aside his sentence due to the alleged ineffective assistance of

counsel. (*See* Answer Ex. A). The impetus for Horton filing his motion nearly nine

years after the conclusion of his direct appeal seems to be his criminal conviction in the

United States District Court for the Northern District of Georgia in May 2012. (*See* Dkt.

No. 12 at 3). Horton contends that his sentence for the federal conviction was

enhanced by his state court conviction. (*Id.*). It therefore appears that Horton filed his

§§440.10/440.20 motion with the belief that vacatur of his state court conviction could

result in the reduction of his federal sentence. On January 4, 2013, County Court

---

[5]       Page number citations for docketed items refer to the page number(s) assigned by CM/ECF.

denied Horton's motion.  (*See* Answer Ex. A).  Horton applied for leave to appeal the denial to the Appellate Division, but the Appellate Division denied the application on May 29, 2014.  (*See* Dkt. No. 5 at 3-4).[6]

In September 2014, Horton filed a second CPL §440.10 motion to vacate his conviction, this time arguing both ineffective assistance of counsel and actual innocence.  (*See* Answer Ex. C).  County Court denied the motion by memorandum and order dated January 13, 2015 (*see id.*), and the Appellate Division denied Horton's application for leave to appeal on July 2, 2015 (Dkt. No. 1 at 19).

### *The Petition*

In September 2015, Horton, proceeding *pro se*, filed the instant petition for a writ of habeas corpus asserting two claims:  (1) the Appellate Division erred by failing to rule on his actual innocence claim; and (2) ineffective assistance of counsel.  (Dkt. No. 1 at 6-7).  Respondent thereafter filed an answer and an opposing memorandum of law (Dkt. Nos. 4, 5), and Horton filed a reply memorandum of law (Dkt. No. 6).

### *Horton's Motions*

In May 2016, after the parties finished briefing the petition, Horton filed two motions with the Court.  Horton's first motion, for appointment of counsel, alleges that he cannot afford an attorney to represent him in the instant matter.  (Dkt. No. 11).  The second motion, entitled "Motion for Constitutional Challenge to a Statute — Notice, Certification, and Intervention Pursuant to Rule 5.1/28 U.S.C. §2403," does not challenge the constitutionality of a state or federal statute but rather appears to argue that the officers who arrested Horton on the possession charge "fabricated evidence" by

---

[6]    The Court has taken this information from respondent's memorandum of law because the order denying leave to appeal is not in the record.

failing to report that they found the cocaine in his apartment and not on his person. (Dkt. No. 12). The motion also attaches requests for admission directed to the arresting officers. (*Id.* at 13-16).

## DISCUSSION

The Court will address Horton's motions before turning to his petition.

I.    *Motion for Appointment of Counsel*

A petitioner has no constitutional right to counsel when bringing a collateral attack upon his conviction. *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987). Although a petitioner who qualifies under the Criminal Justice Act is entitled to counsel if necessary for effective discovery or if an evidentiary hearing is warranted, *see* Rules 6(a) and 8(c) of the Rules Governing Section 2254 Cases in the United States District Courts, neither circumstance is present here. Horton's request for appointment of counsel is thus analyzed in the same manner as an application for the appointment of counsel in a civil case under 28 U.S.C. §1915(e)(1). *See Moss v. New York*, No. 10-CV-5840(SJF), 2014 WL 585928, at *7 (E.D.N.Y. Feb. 12, 2014); *see also* 18 U.S.C. §3006A(a)(2)(B) ("Whenever the United States magistrate judge or the court determines that the interests of justice so require, representation may be provided for any financially eligible person who is seeking relief under section 2241, 2254, or 2255 of title 28.").

The decision to appoint counsel under §1915(e)(1) lies clearly within the Court's discretion. *In re Martin-Trigona*, 737 F.2d 1254, 1260 (2d Cir. 1984). In deciding whether to appoint counsel, the Court must first consider the likelihood of merit of the dispute, and "even though a claim may not be characterized as frivolous, counsel should not be appointed in a case where the merits of the indigent's claim are thin and

his chances of prevailing are therefore poor." *Carmona v. U.S. Bureau of Prisons*, 243 F.3d 629, 632 (2d Cir. 2001). The Court finds that appointment of counsel is not warranted here because Horton has not made the initial threshold showing of merit — as discussed below, Horton's petition is subject to dismissal on multiple grounds. Therefore, Horton's motion for appointment of counsel is denied.

II.    *Motion for Constitutional Challenge to a Statute*

Horton's Motion for Constitutional Challenge to a Statute does not challenge the constitutionality of a federal or state statute but rather argues that the officers who arrested him on the possession charge improperly failed to disclose that they found the cocaine not on his person but rather in his apartment. Horton appears to contend that this alleged fact is proof of his actual innocence. Actual innocence, if proven, serves as an exception to the one-year statute of limitations applicable to §2254 petitions. Therefore, the Court will consider Horton's actual innocence argument in determining whether his petition is timely. *See infra* III.B.

Horton's motion also includes requests for admission directed to the police officers who arrested him on the possession charge. A habeas petitioner is not entitled to discovery as a matter of right. *See Drake v. Portuondo*, 321 F.3d 338, 346 (2d Cir. 2003). However, under Rule 6(a) of the Rules Governing Section 2254 Cases, the Court may permit discovery for "good cause" shown. "In order to show good cause, a petitioner must 'set forth specific allegations that provide reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief[ ].'" *Cobb v. Unger*, No. 09-cv-0491MAT, 2013 WL 821179, at *2 (W.D.N.Y. Mar. 5, 2013) (alterations in original) (quoting *Defino v. Thomas*, No. 02 Civ.

7413(RWS), 2003 WL 40502, at *4 (S.D.N.Y. Jan. 2, 2003)). Good cause is absent here because Horton has not specifically alleged that the requested discovery would help him demonstrate his entitlement to habeas relief. Moreover, as discussed below, any alleged wrongdoing by the officers from whom Horton seeks discovery cannot serve as a basis for habeas relief due to Horton's guilty plea before the County Court. *See infra* n.9. Accordingly, Horton is not entitled to discovery in this matter. His Motion for Constitutional Challenge to a Statute is denied.

      III.   *The Petition*

          A.  *Custody Requirement*

"The first showing a §2254 petitioner must make is that he is 'in custody pursuant to the judgment of a State court.'" *Lackawanna Cnty. Dist. Attorney v. Coss*, 532 U.S. 394, 401 (2001) (quoting 28 U.S.C. §2254(a)). The petitioner must "be 'in custody' under the conviction or sentence under attack at the time his petition is filed." *Finkelstein v. Spitzer*, 455 F.3d 131, 133 (2d Cir. 2006) (quoting *Maleng v. Cook*, 490 U.S. 488, 490-91 (1989)). Once the petitioner is no longer serving a sentence on a particular conviction, he cannot bring a federal habeas petition directed solely at that conviction. *See Coss*, 532 U.S. at 401. Although respondent does not raise the argument, the Court finds that Horton is not "in custody" under the foregoing standard.

Horton was convicted in County Court in 1999 and sentenced to a maximum term of three years imprisonment (S. 3), but he did not file the instant petition until 2015, well after his sentence fully expired. Consequently, Horton cannot bring a federal habeas petition directed solely at his state court conviction. *See Coss*, 532 U.S. at 401. In his Motion for Constitutional Challenge to a Statute, Horton states that in May 2012,

he was convicted in the United States District Court for the Northern District of Georgia of what appears to be a firearm offense, and that his sentence on that conviction was enhanced by his state court conviction.  (Dkt. No. 12 at 3; *see also* Dkt. No. 1 at 24 (stating that Horton's state court conviction was used to enhance his federal sentence)). As Horton is presently incarcerated on his federal sentence, the Court will consider whether he may rely on that sentence to satisfy the custody requirement.

The Supreme Court has recognized that a petitioner may satisfy §2254's "in custody" requirement if his petition can be read as asserting a challenge to his current sentence, as enhanced by an allegedly invalid prior conviction.  *See Coss*, 532 U.S. at 401-02.  Horton's petition cannot be construed in this manner because it challenges only his state court conviction.  Horton's passing reference to his criminal proceeding in federal court does not provide an adequate basis to construe his petition as challenging his federal sentence.  *See Ellis v. Dretke*, 456 F. Supp. 2d 421, 424 (W.D.N.Y. 2006). Therefore, Horton is not "in custody," and the Court lacks jurisdiction to hear his claims. Horton's petition may be dismissed on this basis.

B. *Timeliness*

"A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court."  28 U.S.C. §2244(d)(1).  The one-year limitations period ordinarily begins to run from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review," excluding "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the

pertinent judgment or claim is pending." *Id.* §§2244(d)(1)(A), (d)(2).[7]  Here, more than

eight years passed between the conclusion of Horton's direct appeal of his state court

conviction in 2003 and his first CPL §440.10 motion in 2012.  Thus, Horton's petition is

time-barred unless he can establish equitable tolling or actual innocence.

    For equitable tolling to apply, the petitioner must show "(1) that he has been

pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his

way and prevented timely filing."  *Rivas v. Fischer*, 687 F.3d 514, 538 (2d Cir. 2012)

(quoting *Holland v. Florida*, 560 U.S. 631, 649 (2010)).   Horton has not offered any

basis for equitable tolling here.  As for actual innocence, the Supreme Court has held

"that actual innocence, if proved, serves as a gateway through which a petitioner may

pass whether the impediment is a procedural bar . . . or . . . expiration of the statute of

limitations." *McQuiggin v. Perkins*, --- U.S. ----, 133 S. Ct. 1924, 1928 (2013).  "[A] claim

of actual innocence must be both 'credible' and 'compelling.'"  *Rivas*, 687 F.3d at 541.

"For the claim to be 'credible,' it must be supported by 'new reliable evidence —

whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or

critical physical evidence — that was not presented at trial.'"  *Id.* (quoting *Schlup v.

Delo*, 513 U.S. 298, 324 (1995)).  "For the claim to be 'compelling,' the petitioner must

demonstrate that 'more likely than not, in light of the new evidence, no reasonable juror

would find him guilty beyond a reasonable doubt — or to remove the double negative,

that more likely than not any reasonable juror would have reasonable doubt.'"  *Id.*

(quoting *House v. Bell*, 547 U.S. 518, 538 (2006)).

---

[7]    Section 2244(d)(1) sets forth other dates from which the limitations period may run, but there is
no basis in this case to run the limitations period from any of those dates.

Horton seems to argue that he is actually innocent because the officers who arrested him for possession of a controlled substance improperly failed to report that they found the cocaine not on his person but rather in his apartment.  This alleged misconduct, which does not appear to be "new" evidence, does not indicate that Horton is actually innocent of the attempted criminal possession of a controlled substance charge he pleaded guilty to in County Court.  *See Rhymes v. Superintendent of Attica Corr. Facility*, No. 6:16-CV-06015(MAT), 2016 WL 7325139, at *3 (W.D.N.Y. Dec. 14, 2016).  Horton also contends that he is actually innocent of the state possession charge because he was arrested on a separate charge of driving while intoxicated at the same time the officers found the cocaine in his apartment.  Horton appears to believe that the timing of his DWI arrest definitively shows that he could not have been in "possession" of the cocaine at his apartment.  (Dkt. No. 1 at 23; Dkt. No. 6 at 3).  This argument is without merit because, under New York law, "possession" includes constructive possession, *see People v. Sierra*, 45 N.Y.2d 56, 59-60 (1978), and it is certainly possible for an individual to be in constructive possession of drugs found in his apartment, *see People v. Robertson*, 48 N.Y.2d 993, 994 (1980).  Thus, Horton has not set forth a credible and compelling claim of actual innocence.  His petition may be dismissed as untimely.

    C. _Horton's Claims_

Assuming *arguendo* that Horton is in custody and that he timely filed his petition, dismissal is still warranted because Horton's claims are without merit.

A district court shall entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court only on the ground that

the person is in custody in violation of the Constitution or laws or treaties of the United States.    28 U.S.C. §2254(a).    Federal habeas review of state court decisions is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. §2241 *et seq.*    Under AEDPA, "[an] application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal Law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."    28 U.S.C. §2254(d).

A federal court ordinarily may not grant a habeas petition unless the petitioner exhausted his state judicial remedies.    *Id.* §2254(b)(1)(A).    "Exhaustion requires a petitioner fairly to present the federal claim in state court."    *Jones v. Keane*, 329 F.3d 290, 294 (2d Cir. 2003).    For exhaustion purposes, however, "a federal habeas court need not require that a federal claim be presented to a state court if it is clear that the state court would hold the claim procedurally barred."    *Grey v. Hoke*, 933 F.2d 117, 120 (2d Cir. 1991) (quoting *Harris v. Reed*, 489 U.S. 255, 263 n.9 (1989)).    Under such circumstances, a habeas petitioner "no longer has 'remedies available in the courts of the State' within the meaning of 28 U.S.C. §2254(b)."    *Id.*    When a petitioner no longer has "remedies available" in state court on account of a procedural bar, the habeas court may deem the petitioner's claim exhausted but procedurally defaulted.    *Id.* at 120-21. The procedural bar that gives rise to the finding that the claim should be deemed

exhausted ordinarily works a forfeiture and precludes litigation of the merits of the claim. *See Aparicio v. Artuz*, 269 F.3d 78, 90 (2d Cir. 2001).

AEDPA provides, however, that "[a]n application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State." 28 U.S.C. §2254(b)(2). Here, respondent challenges the merits of the petition and has not briefed exhaustion and procedural default with respect to several of Horton's claims. Thus, in the interest of judicial economy, the Court will not analyze exhaustion and procedural default but will instead review and recommend dismissal of Horton's claims on the merits.[8] *See Woodard v. Chappius*, No. 6:13-CV-6123(MAT), 2014 WL 122359, at *5-6 (W.D.N.Y. Jan. 13, 2014).

1. *Claim One:  The Appellate Division's Alleged Failure to Rule on Horton's Actual Innocence Claim*

Horton's first claim alleges that the Appellate Division erred by not ruling on his actual innocence claim. (Dkt. No. 1 at 6). It seems that Horton is referring to the Appellate Division's denial of his application for leave to appeal County Court's denial of his second CPL §440.10 motion, as Horton's leave application asserts that he is actually innocent. (*See* Answer Ex. D). The Appellate Division's denial of leave does not raise a constitutional issue and, therefore, does not present a basis for federal habeas relief. *See Shaut v. Bennet*, 289 F. Supp. 2d 354, 370 (W.D.N.Y. 2003). To the extent Horton's first claim asserts a freestanding actual innocence claim, the Supreme Court has yet to rule that a freestanding claim of actual innocence may serve as a basis

---

[8]    Respondent briefed exhaustion and procedural default only with respect to whether Horton's plea was voluntary. (*See* Dkt. No. 5 at 8).

for federal habeas relief.  *See McQuiggin*, 133 S. Ct. at 1931.  Therefore, Horton's first claim may be denied on the merits.

## 2.  *Claim Two:  Ineffective Assistance of Counsel*

Liberally construing Horton's second claim and considering all of his submissions in this matter, Horton alleges that his state court counsel erred by failing to:  investigate his case and present mitigating evidence (Dkt. No. 1 at 23-24); advise him regarding the plea agreement, the consequences of pleading guilty, and his possible sentence (Dkt. No. 1 at 23, 31; Dkt. No. 6 at 2); object to the state court's purported failure to find a factual basis for the plea and to ensure that Horton understood the nature of the charge against him (Dkt. No. 1 at 25-28); and advise him that he would forfeit the right to vote and possess a firearm by pleading guilty (Dkt. No. 1 at 31).  Horton also challenges his appellate counsel's failure to raise certain arguments on appeal.  (Dkt. No. 1 at 29-30).

The clearly established law for ineffective assistance of counsel claims is set forth in *Strickland v. Washington*, 466 U.S. 668 (1984).  The *Strickland* standard is two-fold.  First, Horton must show that counsel's performance "fell below an objective standard of reasonableness" in light of "prevailing professional norms."  *Id.* at 688. Second, he must show prejudice, meaning "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  *Id.* at 694.

### a.  *Counsel's Alleged Failure to Investigate Horton's Case and Present Mitigating Evidence*

Horton argues that had his state court counsel investigated his case and questioned the arresting officers prior to the plea hearing, counsel would have

discovered that Horton could not have been in possession of a controlled substance at the same time he was arrested for driving while intoxicated.  (Dkt. No. 1 at 23-24).  This claim is barred by Horton's guilty plea.

"When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea.  He may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within [constitutionally acceptable standards]."  *Tollett v. Henderson*, 411 U.S. 258, 267 (1973).  Horton's counsel's alleged failure to investigate his case and present mitigating evidence occurred prior to the plea hearing and does not concern the voluntary and intelligent character of Horton's plea.  Thus, Horton's guilty plea — which, as discussed below, was voluntary and intelligent — bars this branch of his ineffective assistance claim.  *See Cobb*, 2013 WL 821179, at *5 (finding petitioner's voluntary, knowing, and intelligent guilty plea barred his claim that counsel failed to properly investigate his case).[9]

   b. *Counsel's Alleged Failure to Advise Horton Regarding the Plea Agreement, the Consequences of Pleading Guilty, and His Possible Sentence*

"[T]he two-part *Strickland v. Washington* test applies to challenges to guilty pleas based on ineffective assistance of counsel."  *Hill v. Lockhart*, 474 U.S. 52, 58 (1985).  To obtain relief, Horton must first show "that counsel's representation fell below an

---

[9] To the extent Horton's petition can be construed as alleging that the arresting officers violated his constitutional rights, such a claim is likewise barred by Horton's guilty plea.  *See Taylor v. Unger*, No. 1:11-CV-1078(MAT), 2012 WL 5288733, at *4 (W.D.N.Y. Oct. 23, 2012).

objective standard of reasonableness." *Strickland*, 466 U.S. at 687-88.  Second, with respect to prejudice, Horton "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill*, 474 U.S. at 59.

Horton's sworn statement at the plea hearing that he had ample time to consult with counsel before deciding to plead guilty and his statement that he was satisfied with his counsel's services (Pl. 7) refute his contention that counsel rendered ineffective assistance by not discussing the plea agreement with him.  *See Muniz v. United States*, 360 F. Supp. 2d 574, 578-79 (S.D.N.Y. 2005). Turning to Horton's allegations that counsel failed to advise him of the consequences of pleading guilty and his possible sentence, even assuming that counsel did err in this regard, Horton cannot show prejudice because the state court advised him of these issues.  (Pl. 8-11); *see Muniz*, 360 F. Supp. 2d at 580 ("[Petitioner] cannot show prejudice resulting from counsel's alleged failure to advise him of his rights prior to entering the plea because [petitioner] was advised of those rights by the court during his plea allocution."); *Ventura v. Meachum*, 957 F.2d 1048, 1058 (2d Cir. 1992) ("Where defendant's specific claim is that counsel has misled him as to the possible sentence which might result from a plea of guilty, . . . the issue is whether the defendant was aware of actual sentencing possibilities, and, if not, whether accurate information would have made any difference in his decision to enter a plea.") (internal quotation marks and citations omitted).

To the extent Horton argues that his plea was unknowing and involuntary, the argument is without merit.  "The longstanding test for determining the validity of a guilty plea is 'whether the plea represents a voluntary and intelligent choice among the

alternative courses of action open to the defendant.'"  *Hill*, 474 U.S. at 56 (quoting *North Carolina v. Alford*, 400 U.S. 25, 31 (1970)).  "A plea is intelligent and voluntary when a defendant had the advice of counsel, understood the consequences of his plea and the plea was not physically or mentally coerced."  *Cobb*, 2013 WL 821179, at *8 (internal quotation marks and citation omitted).

Horton's sworn statements at the plea hearing "carry a strong presumption of verity" and refute any claim that his plea was involuntary or unknowing.  *Id.* (internal quotation marks and citation omitted).  Horton confirmed at the plea hearing that he had ample time to consult with counsel prior to entering the plea and that he was satisfied with counsel's services.  The County Court then read from the superior court information and expressly advised Horton of the charge against him (attempted criminal possession of a controlled substance in the fifth degree).  While Horton initially stated that he did not wish to go forward with his plea to that charge, he changed his answer after the court asked him a second time.  Horton confirmed that he understood the sentencing possibilities, that a guilty plea is the same as a conviction after trial, and that by pleading guilty he was giving up the right to go to trial.  He also confirmed that no one threatened or coerced him in any way to plead guilty and that he was entering the plea of his own free will.  Finally, when the court asked Horton if he was in fact guilty of the charge, Horton answered in the affirmative.  The state court accepted Horton's guilty plea and expressed its satisfaction that he made it freely, knowingly, and voluntarily.  (Pl. 7-12).  Any challenge to the intelligent and voluntary nature of Horton's guilty plea is thus plainly lacking in merit.

c. *Counsel's Failure to Object to the State Court's Purported Failure to Find a Factual Basis for the Plea and to Ensure that Horton Understood the Nature of the Charge Against Him*

Relying on Federal Rule of Criminal Procedure 11, Horton contends that counsel should have objected to the state court's purported failure to find a factual basis for his plea and to make sure that he understood the nature of the charge against him. (Dkt. No. 1 at 25-28 (citing Fed. R. Crim. P. 11(b)(3), (b)(1)(G)). Horton's reliance on Rule 11 is misplaced. While a state court must make a record that affirmatively shows that the defendant entered his plea understandingly and voluntarily, *see Boykin v. Alabama*, 395 U.S. 238, 244 (1969), the court "is not required by federal law to engage in any particular interrogatory 'catechism' akin to that required of federal courts by Federal Rule of Criminal Procedure 11," *Hanson v. Phillips*, 442 F.3d 789, 798 (2d Cir. 2006). As already discussed, the County Court made a record that affirmatively discloses the intelligent and voluntary nature of Horton's guilty plea. Thus, counsel had no basis to lodge an objection at the plea hearing, and this branch of Horton's ineffective assistance claim is without merit.

d. *Counsel's Alleged Failure to Advise Horton that He Would Forfeit the Right to Vote and Possess a Firearm by Pleading Guilty*

Horton also argues that his state court counsel erroneously failed to advise him that he would forfeit his right to vote and possess a firearm upon pleading guilty. This claim fails because the Supreme Court "has never held that a criminal defense attorney's Sixth Amendment duties extend to providing advice" as to "a wide variety of

consequences [of pleading guilty] other than conviction and sentencing, including civil commitment, civil forfeiture, *the loss of the right to vote*, disqualification from public benefits, *ineligibility to possess firearms*, dishonorable discharge from the Armed Forces, and loss of business or professional licenses."  *Padilla v. Kentucky*, 559 U.S. 356, 376-77 (2010) (Alito, J., concurring in judgment) (emphasis added).

   e. *Appellate Counsel's Failure to Raise Certain Arguments on Appeal*

  Horton faults his appellate counsel for not raising certain arguments to the Appellate Division — namely, actual innocence, trial counsel's failure to object to the state court's purported noncompliance with Fed. R. Crim. P. 11, and trial counsel's alleged failure to advise him that he would forfeit certain rights upon pleading guilty. This branch of Horton's claim is without merit because, as discussed, the arguments that Horton believes appellate counsel should have raised on appeal are baseless. Appellate counsel cannot be faulted for declining to assert meritless arguments on appeal.  *See Aparicio*, 269 F.3d at 99.

## CONCLUSION

  For the foregoing reasons, it is recommended that Horton's petition (Dkt. No. 1) be dismissed in its entirety and that no certificate of appealability issue.  Horton's motion for appointment of counsel (Dkt. No. 11) and his "Motion for Constitutional Challenge to a Statute — Notice, Certification, and Intervention Pursuant to Rule 5.1/28 U.S.C. §2403" (Dkt. No. 12) are denied.

  Pursuant to 28 U.S.C. §636(b)(1), it is hereby ORDERED that this Report, Recommendation, and Order be filed with the Clerk of Court.

Unless otherwise ordered by Judge Arcara, any objections to this Report, Recommendation, and Order must be filed with the Clerk of Court within fourteen days of service of this Report, Recommendation, and Order in accordance with the above statute, Rules 72(b), 6(a), and 6(d) of the Federal Rules of Civil Procedure, and Local Rule of Civil Procedure 72.  Any requests for an extension of this deadline must be made to Judge Arcara.

**Failure to file objections, or to request an extension of time to file objections, within fourteen days of service of this Report, Recommendation, and Order WAIVES THE RIGHT TO APPEAL THE DISTRICT COURT'S ORDER.** *See Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15 (2d Cir. 1989).

The District Court will ordinarily refuse to consider *de novo* arguments, case law and/or evidentiary material which could have been, but were not, presented to the Magistrate Judge in the first instance. *See Paterson-Leitch Co. v. Mass. Mun. Wholesale Elec. Co.,* 840 F.2d 985, 990-91 (1st Cir. 1988).

Pursuant to Local Rule of Civil Procedure 72(b), written objections "shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for each objection, and shall be supported by legal authority."  **Failure to comply with these provisions may result in the District Court's refusal to consider the objection.**

SO ORDERED.

Dated:     February 6, 2017
           Buffalo, New York

                                        /s/ Michael J. Roemer
                                        MICHAEL J. ROEMER
                                        United States Magistrate Judge