```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
```

```
CHARLES HORTON,

                    Petitioner,
                                              DECISION and ORDER
     -vs-                                     No. 1:15-cv-843(MAT)(MJR)

MONICA RECKTENWALD, Warden,

                    Respondent.
```

**INTRODUCTION**

Pro se petitioner Charles Horton ("Petitioner") instituted this proceeding by filing a petition (Dkt #1) for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Before the Court is the Report and Recommendation ("the R&R") of United States Magistrate Judge Michael J. Roemer dated February 6, 2017, recommending that the petition (Dkt #1) be dismissed, and that no certificate of appealability should issue. The R&R further recommended that Petitioner's motion for appointment of counsel (Dkt #11) and "Motion for Constitutional Challenge to a Statute—Notice, Certification, and Intervention Pursuant to Rule 5.1/28 U.S.C. §2403" (Dkt #12) both be denied.

The Court assumes the parties' familiarity with the underlying facts and procedural history of Petitioner's criminal proceedings, which are comprehensively set forth in Judge Roemer's thorough R&R. For the following reasons, the Court adopts the R&R in its entirety.

**STANDARD OF REVIEW**

Where, as here, no objections to the R&R were made by either party, the Court reviews the R&R for clear error. See Nelson v. Smith, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985) ("To accept the report and recommendation of a magistrate, to which no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record.") (citing FED. R. CIV. P. 72(b), Advisory Comm. Notes (when a party makes no objection, or only general objections to a portion of an R&R, the district judge reviews it for clear error or manifest injustice); further citation omitted).

**DISCUSSION**

**I.  The Petition**

The R&R found that there were multiple grounds on which the petition could be dismissed, and thoroughly analyzed each of them. First, the R&R determined, sua sponte, that Petitioner was not "in custody" for purposes of the federal habeas statute. (See R&R at 7-8). Second, the R&R agreed with Respondent that the petition was time-barred, and that Petitioner was not entitled to equitable tolling. (See R&R at 8-10). The Court discerns no clear error in either of these findings.

Third, the R&R found that all of Petitioner's claims lacked merit and did not warrant habeas relief. (See R&R at 10-18). The Court agrees. Petitioner's first claim is based on the intermediate

state appellate court's denial of his application for leave to appeal the trial court's denial of his second collateral motion to vacate the judgment, based on his alleged "actual innocence" of the underlying charges. These allegations cannot be construed to raise a constitutional issue cognizable on federal habeas review. First, an appellate court's denial of discretionary leave to appeal does not raise a constitutional issue. See, e.g., Shaut v. Bennet, 289 F. Supp. 2d 354, 370 (W.D.N.Y. 2003). Second, to the extent Petitioner's leave application asserts that he is actually innocent, the United States Supreme Court has never ruled that a freestanding claim of actual innocence may serve as a basis for federal habeas relief. In the absence of any Supreme Court authority, the Appellate Division's decision declining to hear Petitioner's actual innocence claim cannot be contrary to, or an unreasonable application of, clearly established federal law as set forth by the United States Supreme Court. E.g., Baughman v. Miller, SACV 13-310-GW(JEM), 2015 WL 11216741, at *12 (C.D. Cal. Aug. 20, 2015), report and recommendation adopted, SACV130310GWJEM, 2016 WL 4009816 (C.D. Cal. July 24, 2016) (citing Wright v. Patten, 552 U.S. 120, 126 (2008) ("Because our cases give no clear answer to the question presented, let alone one in Van Patten's favor, 'it cannot be said that the state court unreasonabl[y] appli[ed] clearly established Federal law.' Under the explicit terms of

§ 2254(d)(1), therefore, relief is unauthorized.") (internal citation omitted in original)).

As to his second claim, Petitioner's allegations of ineffective assistance of trial counsel are either barred by the doctrine of Tollett v. Henderson, 411 U.S. 258, 267 (1973), as the result of his voluntary and knowing guilty plea (see R&R at 13-14); controverted by his sworn statements in open court at the plea colloquy (see R&R at 14-16); or unsupported by any federal law (see R&R at 14-18). Petitioner's allegations of ineffective assistance of appellate counsel are meritless because the arguments based on trial counsel's ineffectiveness that he asserts should have been raised by appellate counsel likewise are meritless (see R&R at 18).

**II. Petitioner's Miscellaneous Motions**

The R&R correctly denied Petitioner's motion for the appointment of pro bono counsel because he could not make the threshold showing of potentially meritorious claims. The R&R also correctly denied Petitioner's Motion for Constitutional Challenge to a Statute, which did not, in fact, challenge the constitutionality of a federal or state statute. Rather, Petitioner argues that the officers who arrested him on the possession charge improperly failed to disclose that they found the cocaine in his apartment, not on his person. The R&R generously construed Petitioner's allegations as an assertion of actual innocence, which were then considered in connection with the discussion as to

whether Petitioner had demonstrated entitlement to equitable tolling of the statute of limitations. The R&R also construed the allegations as a request for discovery, and properly concluded that Petitioner had not shown the "good cause" necessary to obtain discovery in a habeas proceeding.

**CONCLUSION**

For the reasons discussed above, the Court adopts the R&R (Dkt #13) in its entirety. The petition (Dkt #1) is dismissed. Because Petitioner has failed to make a substantial showing of the denial of a constitutional right, no certificate of appealability shall issue. The motion for appointment of counsel (Dkt #11) is denied. The "Motion for Constitutional Challenge to a Statute—Notice, Certification, and Intervention Pursuant to Rule 5.1/28 U.S.C. §2403" (Dkt #12) is denied. The Clerk of Court is directed to close this case.

**SO ORDERED.**

S/Michael A. Telesca

HONORABLE MICHAEL A. TELESCA
United States District Judge

DATED: May 4, 2017
Rochester, New York