```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
```
_____

CHARLES HORTON,

              Petitioner,

                                         **DECISION and ORDER**
   -vs-                                      **No. 1:15-cv-843(MAT)(MJR)**

MONICA RECKTENWALD, Warden,

              Respondent.
_____

    Pro se petitioner Charles Horton ("Petitioner") instituted this proceeding by filing a petition (Dkt #1) for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On February 6, 2017, United States Magistrate Judge Michael J. Roemer issued a Report and Recommendation ("R&R") recommending, inter alia, denial of the petition (Dkt #1). The R&R stated that any objections were to be filed within fourteen days. Petitioner subsequently was given an extension of time to file objections until May 2, 2017. No objections had arrived at the Court prior to the Court's issuance of its Decision and Order (Dkt #13) on May 4, 2017, adopting the R&R in its entirety.[1]

    On May 15, 2017, the Court received Petitioner's motion for reconsideration, arguing that his objections were timely filed, but

---

[1] Specifically, the Court dismissed the petition, declined to grant a certificate of appealability, denied the motion for appointment of counsel (Dkt #11), and denied the "Motion for Constitutional Challenge to a Statute—Notice, Certification, and Intervention Pursuant to Rule 5.1/28 U.S.C. §2403" (Dkt #12).

not specifying the date on which they were filed. Respondent, in her opposition to the motion for reconsideration, asserts that Petitioner "did not file his objections until May 5, 2017, rendering them untimely."

The Court did not receive any objections from Petitioner until May 30, 2017, which apparently were mailed on May 24, 2017, and, according to Petitioner, are a duplicate copy of the objections he filed earlier. The objections bear Petitioner's signature and are dated in two places with two different dates (April 27, 2017, and April 28, 2017). Petitioner asserts that these were timely mailed but never received by the Court. According to the prison mailbox rule, these objections would have been timely, even if received on May 5, 2017, because they are dated prior to May 2, 2017. As noted above, Petitioner was given an extension of time until May 2, 2017, to file objections to the R&R. The Court therefore will reconsider the R&R in light of Petitioner's objections. As discussed further below, the Court rejects Petitioner's objections and adheres to its Decision and Order adopting the R&R.

## DISCUSSION

### I. Constitutional Challenge to a State Statute and Failure to Rule on Actual Innocence Claim (Objections, pp. 1-9; 10-13)

Petitioner asserts that the Appellate Division erred by not ruling on his actual innocence claim. It appears that he is referring to the Appellate Division's denial of his application for leave to appeal the County Court's denial of his second motion to

-2-

vacate pursuant to New York Criminal Procedure Law ("C.P.L") § 440.10. This Court previously determined that the R&R correctly found these allegations could not be construed to raise a constitutional issue cognizable on federal habeas review. First, an appellate court's denial of discretionary leave to appeal does not raise a constitutional issue. See, e.g., Shaut v. Bennet, 289 F. Supp. 2d 354, 370 (W.D.N.Y. 2003). Second, to the extent Petitioner's leave application asserts that he is actually innocent, the United States Supreme Court has never ruled that a freestanding claim of actual innocence may serve as a basis for federal habeas relief. In the absence of any Supreme Court authority, the Appellate Division's decision declining to hear Petitioner's actual innocence claim cannot be contrary to, or an unreasonable application of, clearly established federal law as set forth by the United States Supreme Court. See Wright v. Patten, 552 U.S. 120, 126 (2008) ("Because our cases give no clear answer to the question presented, let alone one in Van Patten's favor, 'it cannot be said that the state court unreasonabl[y] appli[ed] clearly established Federal law.' Under the explicit terms of § 2254(d)(1), therefore, relief is unauthorized.") (internal citation omitted in original)).

"In order to demonstrate actual innocence in a so-called collateral proceeding, a petitioner must present 'new reliable evidence that was not presented at trial' and 'show that it is more

likely than not that no reasonable juror would have found [him] guilty beyond a reasonable doubt.'" Lucidore v. N.Y. State Div. of Parole, 209 F.3d 107, 114 (2d Cir. 2000) (quoting Schlup v. Delo, 513 U.S. 298, 299, 327–28 (1995)). In his objections, Petitioner asserts that his "affidavit, plea transcripts, etc. is [sic] sufficiently detail[ed] to call [his] guilt into serious question" because it "would have been impossible for [him] to have been arrested for DWI then got release and return to [his] alledge [sic] apartment to be arrest[ed] for possession [of] cocaine during the same time of a traffic stop." (Dkt #24, p. 12 of 29). Even assuming that Petitioner's actual innocence claim is cognizable as a stand-alone claim in this habeas proceeding, he has fallen far short of the evidentiary showing contemplated. Here, his "actual innocence claim derives from evidence that was available to him and his counsel at the time he entered a plea of guilty. Because no new evidence is cited, he cannot rely on it in for purposes of his actual innocence claim." Germain v. Racette, No. 913CV1530MADDEP, 2015 WL 7709606, at *6 (N.D.N.Y. Sept. 10, 2015), report and recommendation adopted, No. 913CV1530MADDEP, 2015 WL 7573225 (N.D.N.Y. Nov. 25, 2015) (citing Johnson v. Medina, 547 F. App'x 880, 885 (10th Cir.2013) ("Actual innocence claims focus on 'new' evidence–'relevant evidence that was either excluded or unavailable at trial.'") (quoting Schlup v. Delo, 513 U.S. 298, 327–28 (1995); citing Mardis v. Falk, No. 14-CV-2895, 2015 WL 1064444, at *4

(D. Colo. Mar. 9, 2015) (rejecting actual innocence claim because the petitioner "fail[ed] to provide any new reliable evidence to support his claim")). "The Second Circuit has held that a habeas court can consider a guilty plea in the context of making an actual innocence determination." Bower v. Walsh, 703 F. Supp.2d 204, 227 (S.D.N.Y. 2010) (citing Doe v. Menefee, 391 F.3d 147, 168–69 (2d Cir. 2004) ("In light of our determination that the 1993 proffer session admissions are reliable, but Doe's hearing testimony that he never had sex with Edwin is not, we find that Doe has not established that he lied under oath at his guilty plea. Doe's plea admission that he had sexual contact with Edwin may therefore be considered as evidence of Doe's guilt."); Rosario v. U.S., 164 F.3d 729, 734 (2d Cir. 1998) (considering petitioners' inculpatory statements made during plea allocution in determining whether no reasonable juror would find petitioners guilty)). Here, despite his awareness of evidence establishing the alleged impossibility of his commission of the crime, Petitioner entered a knowing, intelligent, and voluntary guilty plea, a factor that militates strongly against crediting his assertion of actual innocence claim. Accord, e.g., Germain, 2015 WL 7709606, at *6 (citing Johnson, 547 F. App'x at 885 ("[The petitioner's] plea of guilty simply undermines his claim [in the context of actual innocence] that another individual committed the crime to which he pled guilty."); Chestang v. Sisto, 522 F. App'x. 389 (9th Cir.

2013) (concluding that, while pleading guilty does not foreclose the possibility of finding actual innocence, a petitioner's actual innocence claim is seriously undermined by his entry of a guilty plea)).

## II. Ineffective Assistance of Trial Counsel (Objections, pp. 14-22)

Petitioner contends that his plea was the product of coercion by his attorney, who allegedly told him, "Just plead guilty now and you can revoke the plea and then go to trial in the future." (Dkt #24, p. 19 of 29). Petitioner's allegations are fatally undermined by his statements made under oath and open court, prior to pleading guilty, that he was satisfied with the representation he had received from counsel. "It is well established that '[a] criminal defendant's self-inculpatory statements made under oath at this plea allocution carry a strong presumption of verity . . . and are generally treated as conclusive in the face of the defendant's later attempt to contradict them.'" United States v. Grzybek, 283 F. App'x 843, 845 (2d Cir. 2008) (quoting Adames v. United States, 171 F.3d 728, 732 (2d Cir. 1999) (internal quotation marks and citations omitted in original; ellipsis and brackets in original)).

Petitioner also contends that his attorney failed to advise him of the collateral consequences of pleading guilty to a felony, namely, that he would lose his right to vote, to hold public office, or to possess a firearm. (Id., p. 20 of 29). These

allegations do not establish that counsel was constitutionally ineffective. See Padilla v. Kentucky, 559 U.S. 356, 376–77 (2010) (Alito, J., concurring) ("[C]riminal convictions can carry a wide variety of consequences other than conviction and sentencing, including civil commitment, civil forfeiture, the loss of the right to vote, disqualification from public benefits, ineligibility to possess firearms, dishonorable discharge from the Armed Forces, and loss of business or professional licenses. . . . All of those consequences are 'seriou[s],' but this Court has never held that a criminal defense attorney's Sixth Amendment duties extend to providing advice about such matters.") (internal citations omitted; brackets in original). Petitioner's claims are wholly reliant on his own self-serving affidavit, made after his conviction and sentence were upheld. However, "self-serving allegations of ineffective assistance of counsel are not enough to overturn a knowing and voluntary guilty plea." Eber-Schmid v. Cuomo, No. 09 CIV 8036 BSJAJP, 2010 WL 1640905, at *28 (S.D.N.Y. Apr. 22, 2010), report and recommendation adopted, No. 09 CV 8036 BSJ AJP, 2012 WL 3105012 (S.D.N.Y. July 31, 2012) (citing United States v. Gordon, 156 F.3d 376, 380–81 (2d Cir. 1998) (Strickland's "but for" test requires "some further 'objective evidence'" beyond a petitioner's "self-serving, post-conviction testimony"); Potter v. Green, No. 04-CV-1343, 2009 WL 2242342, at *15 (E.D.N.Y. July 24, 2009) ("Petitioner's only evidence showing that 'but for' counsel's

error, Petitioner would not have pled guilty is Petitioner's affidavit; however this statement alone is insufficient."); Grullon v. United States, 99 Civ. 1877, 2004 WL 1900340 at *6 (S.D.N.Y. Aug. 24, 2004) ("In considering an ineffective counsel claim, a court need not accept a petitioner's uncorroborated, self-serving testimony as true."); other citation omitted).

Petitioner faults appellate counsel for failing to raise an actual innocence claim on direct appeal. (Dkt #24, p. 21 of 29). Under New York state law, a guilty plea is not an absolute bar to asserting a claim of actual innocence. People v. Tiger, 48 N.Y.S.3d 685, 700-01 (2d Dep't 2017). However, a defendant's direct appeal is not the proper procedural vehicle for asserting a claim of actual innocence. Such a claim "must be based upon reliable evidence which was not presented at the [time of the plea][,]" People v. Brockway, 51 N.Y.S.3d 306, 307 (4th Dep't 2017) (quoting People v. Hamilton, 979 N.Y.S.2d 97 (2d Dep't 2014)), "and thus must be raised by a motion pursuant to CPL article 440[.]" Id. (citation omitted). Moreover, New York state courts look with disfavor on a defendant's use of a guilty plea "as a device . . . to avoid a trial while maintaining a claim of factual innocence[.]" Id. (quotation omitted). Had appellate counsel asserted an actual innocence argument on direct appeal, it would have been dismissed pursuant to the foregoing precedent. Appellate counsel was not ineffective in failing to raise a patently meritless argument.

See Aparicio v. Artuz, 269 F.3d 78, 100 (2d Cir. 2001) ("[J]ust as in our disposition of Petitioner's double jeopardy claim, Petitioner's appellate counsel was not ineffective for failing to raise the meritless argument.") (citation and footnote omitted).

**CONCLUSION**

For the reasons discussed above, Petitioner's Objections to the R&R provide no basis for the Court to deviate from its prior ruling that the R&R (Dkt #13) should be adopted in its entirety and that Petitioner's request for a writ of habeas corpus must be denied. Because Petitioner has failed to make a substantial showing of the denial of a constitutional right, no certificate of appealability shall issue.

**SO ORDERED.**

S/Michael A. Telesca

HONORABLE MICHAEL A. TELESCA
United States District Judge

DATED: July 11, 2017
Rochester, New York